CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 17 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> RAJA CHARLES JABBOUR, <br><br> *Defendant.* | CASE NO. 3:06-CR-00019 <br><br> OPINION AND ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the court on Defendant's September 19, 2006 Motion to Suppress Evidence. For the reasons stated in open court and below, the motion will be denied.

The sole issue before the Court is whether probable cause existed for Defendant's arrest on January 18, 2004. As the Defendant's brief ably summarizes:

> Probable cause to justify an arrest requires "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S. Ct. 2627 (1979). Put another way, "the question to be answered is whether an objectively reasonable police officer, placed in the circumstances, had a 'reasonable ground for belief of guilt' that was 'particularized with respect to the person to be searched or seized.'" *United States v. Humphries*, 372 F.3d 653, 657-58 (4th Cir. 2004) (quoting *Maryland v. Pringle*, 540 U.S. 366, 372-73, 124 S. Ct. 795, 800 (2003)).

In this case, the relevant crime was Importuning (Ohio Rev. Code § 2907.07). The statute defines importuning as, among other things, soliciting "sexual activity" with one under the age of thirteen by means of a telecommunications device. "Sexual activity" includes intercourse as well

as touching of the "the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast" if done for the sexual gratification of either party.

This Court has reviewed the transcripts of the "Instant Messenger" conversations in their entirety. On November 20, 2003, Defendant suggested to "Sarah," a police officer posing as a 12-year-old girl, that he give her a "full body massage." On November 23, he asks "Sarah" if she will let him "kiss you all over." Lest there be any confusion about his motivations in suggesting this touching and kissing to "Sarah," it is clarified by an earlier conversation with "Cheri," Sarah's mother, who is also a police officer. On November 18, 2003, at 12:23:38 AM, "I would like you to be the one to guide my cock for the first time." When the mother asks "for which one," he replies "Sarah and Jessica." (Defendant believed "Jessica" to be a 7-year-girl).

The Defendant has repeatedly urged this Court to consider the "totality of the circumstances" in evaluating probable cause. This Court considers it highly likely that a "full body massage" as well as kissing "all over," in light of the Defendant's professed desire to insert his penis into a 7-year-old, is highly likely to including touching the thighs, buttocks, genital area, and breasts. This Court similarly finds it virtually certain that such massage and kissing would gratify the Defendant sexually. Finally, the defendant repeatedly expresses a desire to gratify the children sexually. The almost inescapable conclusion is that by November 23, 2003, Defendant had committed the felony of Importuning under Ohio law.

The Defendant has devoted considerable effort to the claim that his statements were mere fantasy. However, his internal state of mind is not an element of the offense of Importuning. His statements constitute solicitation of sexual activity with Sarah. If he had been crossing his fingers the entire time, or participating in an initiation ritual for a fraternity, or merely playing a practical joke, he would still be guilty because the very words he typed are deemed criminal

under Ohio law. In any case, the long road trip he made to visit his chat partner belies any claim that he was merely engaged in fantasy.

The Defendant has also argued that his visit to Ohio was made somewhat unwillingly, and under pressure from the police officer posing as the mother of the girls. Importuning does not include among its elements the requirement of a trip to Ohio. If, on November 24, 2003, the police had sought and received an Ohio warrant for Defendant's arrest, and had sought and received extradition in the Virginia courts, then his trip to Ohio would have been truly unwilling. But probable cause would not have been vitiated because the crime had occurred as of that date, and no road trip was necessary to complete it.

Indeed, none of the chats or phone conversations after November 23 are relevant to the question of probable cause for the same reason. Thus, Defendant's careful analysis of the reduction in chat frequency is unavailing. It does not matter if the Defendant at some point changed his mind about sex with children. He had already committed Importuning and nothing that happened later could un-type his November 20 and 23, 2003 sexual solicitation of "Sarah."

Nor is the grand jury's failure to indict relevant. The police arrest numerous people every day who are never charged with any crime. Those arrests are not automatically rendered illegal by the later decisions by prosecutors and grand juries.

Finally, the apparent entrapment defense is inapposite at this stage of the proceedings. Probable cause is a low standard. The police need only have a reasonable belief that a crime has been committed; they are not required to carefully evaluate all possible legal defenses. Even if the Defendant were able to prove at trial that he had been coerced or tricked into making sexual

advances towards a pre-teen girl contrary to his will and propensities[1], that would not make his arrest invalid. It does not matter how many times he initiated conversations or whether he was nervous about making the trip to Ohio. The police in this case were witnesses to a felony under Ohio law, and thus perfectly justified in making the arrest.

The post-arrest *Miranda* argument was withdrawn by the Defendant orally, and is therefore not considered.

The Motion to Suppress is DENIED.

The Clerk of the Court is directed to send a certified copy of this Order to the Defendant and all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

11/17/06
Date

---

[1] It seems unlikely that this defense could succeed given the Defendant's presence in an Internet chatroom named "Parents who share" and his interest, in his very first conversation with a stranger, in the sexual activities of a 12 and a 7 year old.