CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 2 8 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 3:06CR00019 |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| RAJA CHARLES JABBOUR, ) | |
| ) | |
| ) By: | B. WAUGH CRIGLER |
| Defendant. ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury returned a single count Indictment charging defendant in Count One with knowingly possessing or attempting to possess material containing images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), including numerous digital images and movie files that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

In Count One of the Superseding Information ("Information"), the defendant is charged with knowingly possessing and attempting to possess material containing images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), including numerous digital images and movie files that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, or

shipped or transported in interstate or foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2); in Count Two with using a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce, or attempt to persuade, induce, entice, or coerce one or more individuals who had not attained the age of 18 years, including a 12-year old girl, to engage in sexual activity for which any person can be charged with a criminal offense, all in violation of Title 18, United States Code, Section 2422(b); in Count Three with knowingly receiving or attempting to receive material containing child pornography as defined in Title 18, United States Code, Section 2256(8)(A), including images and movies that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1); and in Count Four, a forfeiture allegation pursuant to Title 18, United States Code, Section 2253, which calls for the forfeiture of any and all matter which contains visual depictions, produced, transported, shipped, or received in violation thereof; any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation(s); and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the violation(s) set forth in the Information.

On February 1, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts One, Two, and Three of the Information and agreed to the forfeiture set forth in Count Four of the Information. In exchange for his plea of guilty to the Information, the government has agreed to move for the dismissal of the Indictment.

At the hearing, the defendant was placed under oath and testified that his full legal name is Raja Charles Jabbour, he was born on June 22, 1967, and he graduated from college with a Bachelor

2

Case 3:06-cr-00019-NKM-BWC   Document 87   Filed 02/28/07   Page 2 of 10   Pageid#: 265

of Arts degree. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol or drugs. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offenses.

The defendant testified that he had received a copy of the Information pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged in Counts One, Two and Three are felonies, and that if his plea is accepted, he will be adjudged guilty of those offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $300. The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant further acknowledged that he consented to the forfeiture of personal property as set forth in the plea agreement and that the forfeiture is proportionate to the degree and nature of the offenses he committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or

otherwise not consummated. The defendant stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant testified that he understood that under the terms of the agreement he was waiving his right to appeal his sentence, except as otherwise stated in the plea agreement, and to collaterally attack his conviction or sentence. The defendant stated he knew that under the plea agreement he had retained the right to appeal the presiding District Judge's rulings at the November 16, 2006 suppression hearing. The defendant stated he knew that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Counts One, Two, Three, and Four, including any facts related to sentencing. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant stated he understood that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, upon entry of his guilty plea, the disposition of his case at sentencing will be as follows:

(1) He will be sentenced to nine years imprisonment;

(2) Upon completion of his term of imprisonment, he will be released to the custody of the Bureau of Immigration and Customs Enforcement for deportation proceedings[1]:

---

[1] The defendant agreed not to oppose deportation.

4

Case 3:06-cr-00019-NKM-BWC   Document 87   Filed 02/28/07   Page 4 of 10   Pageid#: 267

(3) He will be sentenced to a lifetime of supervised release[2];

(4) He will pay the special assessment;

(5) He agrees to forfeit his computers and other material as set forth in the plea agreement;

(6) He agrees to pay any fine the court imposes; and

(7) He agrees to pay any applicable restitution.

The defendant testified he knew that if the court rejects his plea agreement, both he and the government had reserved the right to withdraw from the agreement and that he would be allowed to withdraw his guilty plea.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count One, is ten years imprisonment, a $250,000 fine, and a period of supervised release for up to the life of the defendant. The defendant was informed that the maximum possible penalty for Count Two is thirty years imprisonment, a $250,000 fine, and a period of supervised release. The defendant was informed that Count Two has a mandatory minimum sentence of five years imprisonment. The defendant was informed that the maximum possible penalty for Count Three is twenty years imprisonment, a $250,000 fine, and a period of supervised release. The defendant was informed that Count Three has a mandatory minimum sentence of five years imprisonment. Finally, the defendant was informed that Count Four is a forfeiture count.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in

---

[2]Although the plea agreement calls for deportation, the defendant and the government have agreed to recommend that the court impose a term of supervised release with the standard and special conditions.

5

a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and

6

8. The right to appeal a guilty verdict.

The defendant stated that he was fully "satisfied" with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea.

**THE GOVERNMENT'S EVIDENCE**

At the Rule 11 hearing, the government summarized the evidence that would have been presented if the case had proceeded to trial. The undersigned directed the government to reduce the statements to writing and file it with the court in the form of a factual summary. The defendant did not object to the factual summary as a statement of the evidence that would have been presented by the government if the case had proceeded to trial. The government's factual summary, filed with the court on February 27, 2007, provides:

In January 2004, the defendant, Raja Charles Jabbour, traveled to Tuscarawas County, Ohio, to meet a woman who claimed to have two young girls and that she was interested in having a man teach the girls about sex.[3] The woman was actually an undercover officer with whom the defendant had engaged in numerous online sexually explicit chats between November 2003 and January 2004. The undercover officer arrested the defendant when the defendant traveled to meet her in January 2004. The defendant gave consent to law enforcement officers to take his two work computers. These computers were taken from the defendant's Charlottesville, Virginia, office. These computers, which were analyzed by a forensic examiner, contained a significantly large number of child pornography images and movie files as well as stories written about check with children, and chat logs with minors. The child pornography included prepubescent minors engaged in various sexual acts and included bestiality

---

[3] The defendant disputes that he intended to have sex with anyone on that trip.

7

with a child. When he was interviewed in January 2004, the defendant admitted that he had searched for, observed, and recorded webcam videos of adults having sex with infants; adults having sex with children; children having sex with children; and animals having sex with children, and he admitted to transmitting child pornography in the past.

When the defendant was arrested in 2006, another desktop computer was recovered. Soon thereafter, FBI agents executed a search warrant at the defendant's apartment and seized, among other things, a laptop computer that the defendant had in his possession at the time of his 2004 Ohio arrest (which had been previously returned to him without having been analyzed).

The two computers that were recovered in 2006 were also examined and revealed child pornography images, at least one of which was accessed by the defendant as recently as the week of his federal arrest. Though there were fewer images on these other computers, there were numerous sexually explicit chat logs with minors and disturbing stories describing sex with minors. Such chat logs and stories had also been recovered on one or both of the computers seized in 2004.

During many of the online chats, the defendant would question the girls about their sexual experience and sometimes try to get them to appear on webcam or send pictures of themselves. He also encouraged some girls to masturbate while online with him and would sometimes ask girls to show themselves masturbating via webcam. He had a very lengthy online relationship with one particular 12 year old Midwestern girl from at least as early as December 2005 until April 2006. His chats with her were frequently very sexually graphic and he repeatedly asked her to film herself and to send to him via computer images and movies of herself, including sexually explicit images and movies. For example, he asked her to film herself masturbating with her fingers and/or a brush and engaging in an act of bestiality and to then send the images or films to him. The nature of the online conversations

8

suggest that she sent some images and movies and that he received them; moreover, this girl has stated that she sent one or more images to the defendant. Some of the images recovered were determined to portray identified minors from outside of Virginia.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1.  The defendant is fully competent and capable of entering an informed plea;
2.  The defendant is aware of the nature of the charges and the consequences of his plea;
3.  The defendant knowingly and voluntarily entered a plea of guilty to Counts One, Two, and Three of the Information and agreed to the Count Four forfeiture; and
4.  The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts One, Two, and Three of the Information and adjudge him guilty of those offenses and accept the defendant's agreement to the Count Four forfeiture. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for May 1, 2007 at 11:00 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

2/28/07
Date